# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCLES CYCLES, INC. dba SAN DIEGO HARLEY DAVIDSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 18-CV-314 JLS (AGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 19) |

Presently before the Court is Defendant and Counter Claimant the United States of America's Amended Motion for Summary Judgment ("MSJ," ECF No. 19). Plaintiff and Counter Defendant Mycles Cycles, Inc. dba San Diego Harley Davidson filed a Response in Opposition to ("Opp'n," ECF No. 22) and the United States filed a Reply in Support of ("Reply," ECF No. 26) the Motion. After reviewing the Parties' arguments, the evidence, and the law, the Court rules as follows.

///
///
///
///
///

# BACKGROUND[1]

Plaintiff Mycles Cycles is a family owned Harley Davidson Dealership that has been operating in San Diego, California, since 1993. MSJ at 9. Mycles Cycles was founded by Michael Shelby, who was the owner during all times relevant to this case. *Id.*

Plaintiff's trouble with the Internal Revenue Service ("IRS") began in August 2006, when the IRS conducted the first of several compliance audits. *Id.* at 10. The compliance audit was to ensure Plaintiff fulfilled its reporting obligations under Internal Revenue Code ("I.R.C.") section 6050I, which requires persons engaged in business to file a Form 8300 disclosure statement any time the business receives more than $10,000 in cash in a single transaction from an individual. 26 U.S.C. § 6050I(a). Revenue Agent Tim Burke conducted the audit and determined that although Plaintiff had generally complied with the reporting requirements, two Forms 8300 were incomplete because they lacked tax payer identification numbers ("TINS"). MSJ at 10 (citing Declaration of Carl Hankla ("Hankla Decl.") Ex. 2, ECF No. 19-4). Revenue Agent Burke provided instructional materials related to the section 6050I reporting requirements and assessed no penalties. *Id.*

Seven months later, the IRS returned.[2] *See* Hankla Decl. Ex. 4. Revenue Agent Elizabeth Arnold conducted the audit and concluded that Plaintiff had not fully complied with the section 6050I requirements during the audit period. *See id.* Revenue Agent Arnold found Plaintiff had failed to file one Form 8300, *id.* Ex. 17; had failed to file timely four Forms 8300, *id.* Ex. 5; had omitted TINS from three Forms 8300, *id.* Ex. 17; and had failed to send eight customer information statements, *id.* at Ex. 5. Revenue Agent Arnold conducted an in-person closing conference outlining the compliance issues and assessed a $600 negligence penalty under I.R.C. sections 6721 and 6722. MSJ at 12.

///

---

[1] Neither Party submitted a separate statement of undisputed material facts. The Court cites primarily to Defendant's Motion, noting any discrepancies between the Parties' factual contentions.

[2] The Parties dispute whether this visit was a "second audit," as the United States contends, *see* MSJ at 11, or a "follow-up" to the first audit, as Mycles Cycles contends. *See* Opp'n at 7.

Following this second visit, Plaintiff's general manager, Tyler Miller, sent a letter to the IRS that acknowledged there had been "a couple of items" that had been "not in compliance resulting in a penalty." Hankla Decl. Ex. 7. The letter stated that Plaintiff was "taking immediate measures to become 100% compliant." *Id.* The corrective actions included "task[ing] its managers in the finance and insurance ("F&I") department with compliance" to ensure completion of all Forms 8300 and notices sent to consumers. Opp'n at 11 (citing Deposition of Tyler Miller ("Miller Depo.") at 19:18–20; 32:10–14, ECF No. 22-1). Plaintiff also "instituted a training and quality control system for its employees on the Form 8300 compliance." *Id.* (citing Miller Depo. at 19:6–7). Additionally, Plaintiff "create[d] an internal log so that 'if for whatever reason a finance manager didn't fill it out, didn't think it applied, forgot, it would get caught by accounting,'" *id.* (citing Miller Depo at 18:10–15), as well as a "binder to keep track of its Forms 8300 and notices sent to consumers." *Id.* (citing Miller Depo. at 18:16–19).[3]

In 2014, the IRS conducted another audit. After reviewing Plaintiff's sales, Revenue Agent Brian Kuhns found that Plaintiff sold ten motorcycles for cash over $10,000. MSJ at 14 (citing Hankla Decl. Ex. 10). Plaintiff filed Forms 8300 for only nine of these transactions,[4] all of which lacked customers' TINS. *Id.* (citing Hankla Decl. Ex. 8). Of the nine completed forms, eight lacked the customer's occupation. *Id.* After the field visit, Revenue Agent Kuhns discovered the 2006 and 2007 audit files, noting Revenue Agents Burke and Arnold had found Plaintiff had failed to comply with its section 6050I responsibilities, had educated Plaintiff about its filing responsibilities under section 6050I, and had assessed negligence penalties. *Id.* at 16 (citing Hankla Decl. Ex. 10).

Based on the findings made during the field visit, in addition to the previous deficiencies found during the 2006 and 2007 visits, Revenue Agent Kuhns levied

---

[3] Defendant disputes the adequacy of these measures and the extent to which Plaintiff implemented them. *See* MSJ at 13–14.

[4] During the audit, the Revenue Agent Kuhns found the missing Form 8300 and assessed a negligence penalty after deeming the failure to file the form inadvertent. MSJ at 14–15 (citing Hankla Decl. Ex. 10).

intentional disregard penalties under section 6721(e) for filing the nine Forms 8300 without TINS. *Id.* at 17 (citing Hankla Decl. Ex. 12). The IRS assessed penalties of $25,000 for each of the nine incomplete Forms 8300 filed by Plaintiff under section 6721(e)(2)(C), totaling $225,000. *Id.* The IRS also assessed negligence penalties under section 6721(a)(2) totaling $700 for failure to send ten customer information statements and one late filing. *Id.* The IRS denied Plaintiff's administrative appeal, after which Plaintiff paid one of the $25,000 penalties and requested a refund. *Id.* After the IRS denied Plaintiff's request, Plaintiff filed this lawsuit. *See* ECF No. 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment as to a claim or defense or part of a claim or defense. Summary judgment is appropriate where the Court is satisfied that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this burden by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that show an absence of dispute regarding a material fact. *Id.* When a plaintiff seeks summary judgment as to an element for which it bears the burden of proof, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

Once the moving party satisfies this initial burden, the nonmoving party must identify specific facts showing that there is a genuine dispute for trial. *Celotex*, 477 U.S. at 324. This requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts'" that would allow a reasonable fact finder to return a verdict for the non-moving party. *Celotex*, 477 U.S. at 324. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256.

**ANALYSIS**

Defendant contends that Plaintiff intentionally disregarded the section 6050I reporting requirements when it knowingly omitted TINS from its Forms 8300. MSJ at 23–29. According to Defendant, the uncontested material facts show that Plaintiff had actual knowledge of its compliance deficiencies, yet willfully failed to take corrective measures to fully comply with the law, proving Plaintiff intentionally disregarded its filing obligations under 26 U.S.C. § 6721 as a matter of law. MSJ at 23–25. Further, Defendant argues that Plaintiff is not entitled to "reasonable cause" relief under 26 U.S.C. § 6724 because Plaintiff failed to seek that relief in its administrative refund claim or in the Complaint and, therefore, Plaintiff cannot raise that claim in this refund suit. Reply at 4.

**I. Intentional Disregard**

Section 6050I(a) requires "[a]ny person . . . engaged in a trade or business" to file a Form 8300 to report any transaction for which it receives "more than $10,000 in cash in 1 transaction (or 2 or more related transactions)." Additionally, the business must also notify the customer who made the payment that it filed a Form 8300. 26 U.S.C. § 6050I(e).

Penalties for failure to comply with these statutory reporting requirements are set forth in sections 6721 (failure to file the Form 8300 disclosure) and 6722 (failure to send the customer notification statement) of the I.R.C. 26 U.S.C. §§ 6721, 6722. The ordinary

penalty in both sections is $50 for each failure that occurs, *see id.*; however, "[b]oth Sections 6721 and 6722 provide for greatly enhanced penalties where the failure is due to 'intentional disregard' of the filing or notification requirements." *Purser Truck Sales, Inc. v. United States*, 710 F. Supp. 2d 1334, 1338 (2008). If the failure to file or complete the Form 8300 is due to intentional disregard—as the IRS has alleged here—the penalty for each failure is the greater of $25,000 or the amount of cash received in the transaction, up to $100,000. 26 U.S.C. § 6721(e)(2)(C).

Section 6721 does not define the term "intentional disregard." The accompanying IRS regulations provide guidance, stating that "[a] failure is due to intentional disregard if it is a knowing or willful . . . [f]ailure to file timely, or . . . [f]ailure to include correct information." 26 C.F.R. § 301.6721-1(f)(2). "Whether a person knowingly or willfully fails to file timely or fails to include correct information is determined on the basis of all the facts and circumstances in the particular case." *Id.* The regulations include suggestions as to what the Court should consider when looking at the facts and circumstances:

> The facts and circumstances that are considered in determining whether a failure is due to intentional disregard include, but are not limited to—
>
> (i) Whether the failure to file timely or the failure to include correct information is part of a pattern of conduct by the person who filed the return of repeatedly failing to file timely or repeatedly failing to include correct information;
>
> (ii) Whether correction was promptly made upon discovery of the failure;
>
> (iii) Whether the filer corrects a failure to file or a failure to include correct information within 30 days after the date of any written request from the Internal Revenue Service to file or to correct; and
>
> (iv) Whether the amount of the information reporting penalties is less than the cost of complying with the

6

18-CV-314 JLS (AGS)

> requirement to file timely or to include correct information on an information return.

26 C.F.R. § 301.6721-1(f)(3) (the "301.6721–1 Factors"). "[T]hese considerations are not an exhaustive or conclusive list," *Purser Truck Sales*, 710 F. Supp. 2d at 1339, they are simply "among any of a number of factors which may be considered in concluding that a failure to file was due to an intentional disregard." *Kruse, Inc. v. United States*, 213 F. Supp. 2d 939, 944 (N.D. Ind. 2002).

Although "Section 6721 does not use the term 'willful'" and instead "uses the term 'intentional disregard' . . . [,] 26 C.F.R. § 301.6721-1(f)(2)(ii) defines 'intentional disregard' as synonymous with 'willfulness.'" *Lefcourt v. United States*, 125 F.3d 79, 83 (2nd Cir. 1997). For this reason, the Second Circuit—and the limited number of other courts that have considered the question—defines "'intentional disregard' set forth in § 6721's penalty provision" as "conduct that is willful, a term which in this context requires only that a party act voluntarily in withholding requested information, rather than accidentally or unconsciously." *Id.*; *cf. Denbo v. United States*, 988 F.2d 1029, 1034–35 (10th Cir. 1993) (defining "willful" conduct under 26 U.S.C. § 6672 as a "voluntary, conscious and intentional decision") (quoting *Burden v. United States*, 486 F.2d 302, 304 (10th Cir. 1973), *cert. denied*, 416 U.S. 904 (1974)); *Hansen v. Comm'r of Internal Revenue Serv.*, 820 F.2d 1464, 1469 (9th Cir. 1987) (defining intentional disregard, as it concerns 26 U.S.C. § 6653, as when "a taxpayer . . . knows or should know of a rule or regulation[ but] chooses to ignore its requirements"). Because of the "extreme harshness" of the penalties involved, intentional disregard in this context "is a high standard of culpability, requiring much more than merely negligent or reckless disregard." *Purser Truck Sales*, 710 F. Supp. 2d at 1339. Here, the Court will "[a]pply [the *Lefcourt*] definition as well as § 301.6721-1(f)(3) of the Regulations . . . [to] the facts and circumstances in this case." *Am. Vending Grp., Inc. v. United States*, No. CIV.A.WGC-07-2277, 2008 WL 4605934, *5 (D. Md. Aug. 28, 2008).

///

Under the first factor suggested by 26 C.F.R. § 301.6721-1(f)(3), Defendant contends that the audit history shows a pattern of conduct that amounts to intentional disregard. There is no dispute that in 2006 and 2007, the Revenue Agents auditing Plaintiff found Plaintiff's Forms 8300 deficient and "provided instructional materials, made . . . field visit[s], met with employees, explained [Plaintiff]'s legal responsibilities, pointed out the penalties for noncompliance, and interviewed the [F&I] managers responsible for filing [the] Form[s] 8300" for Plaintiff. MSJ at 7. Further, despite the steps taken by the Revenue Agents, Plaintiff submitted nine incomplete Forms 8300 in 2014, all of which lacked TINS. From these facts, Defendant argues that the Court can infer Plaintiff "was aware of its obligations" yet engaged in a "pattern of conduct that reveals intentional disregard of filing requirements." *Purser Truck Sales*, 710 F. Supp. 2d at 1339.

Plaintiff disputes that the prior audit history shows a pattern of conduct sufficient to infer intentional disregard. Plaintiff contends that, although it was aware of deficiencies in its compliance, the Revenue Agents never specifically mentioned TINS and none of the instructional materials provided by the IRS stated that failure to include TINS constituted a violation. Opp'n at 7–8. The deposition testimony of Plaintiff's employees, in which the employees claim they do not remember the Revenue Agents identifying concerns related to providing TINS, supports this. *See, e.g.*, Prask Decl. Ex. D (Deposition of Tyler Miller) at 16:16–17:18 (Plaintiff's general manager stating he had no recollection of any discussion about leaving out Social Security numbers during the 2007 audit); Prask Decl. Ex. D (Deposition of Kim Walters) at 27:23–25 (Plaintiff's controller stating same regarding 2006 and 2007 audits). Further support comes from Plaintiff's 2007 letter that it submitted to the IRS, which identified several deficiencies it would work to improve but made no mention of TINS. *See generally* Hankla Decl. Ex. 7. Finally, Plaintiff notes it voluntarily filed the Forms 8300 with all required information other than TINS, which supports its claims that it mistakenly omitted TINS from the forms. Opp'n at 11–12. Defendant offers no evidence to refute Plaintiff's contention, merely stating that "[i]t is likely [Revenue

///

Agent] Arnold would have mentioned the omission of the TINS as part of the basis for asserting the negligence penalties" during the 2007 audit. Reply at 7.

Based on the above facts, the Court finds that a trier of fact could conclude that Plaintiff did not intentionally disregard its obligation to file complete Forms 8300. Although a trier of fact could conclude that, based on the prior audits, Plaintiff knew of its obligations yet continued its pattern of filing incomplete Forms 8300, knowledge alone does not lead to an automatic finding of willfulness. *See Tysinger Motor Co., Inc. v. United States*, 428 F. Supp. 2d 480, 485 (E.D. Vir. 2006) (noting section 6721 is an "intent based statute" rather than "one of strict liability"). Indeed, a trier of fact could conclude that, despite the prior audits, Plaintiff did not have sufficient knowledge to comply with the regulations. The Court therefore finds a dispute of material fact as to this factor.

Next, the Court notes that neither party has introduced evidence concerning any corrective actions taken by Plaintiff, as suggested by the second and third factors of the regulation. It seems from the record that Plaintiff discovered its omissions only after the IRS notifications and there is no indication that Plaintiff corrected the omissions within thirty days of notification.

Regarding the fourth factor, cost of compliance, the Court finds there are material disputes of fact. The cost to comply with section 6050I "appears to be minimal." *See Purser Truck Sales*, 710 F. Supp 2d at 1343. "Section 6050I does not require [Plaintiff] to pay any additional tax; it merely requires [Plaintiff] to fill out a form and mail a letter to the customer." *Id.* Defendant, however, argues that Plaintiff's F&I managers knew that Form 8300 required TINS, yet did not request TINS from customers "because [they] w[ere] afraid of losing a sale." MSJ. at 8. Plaintiff views the evidence differently, noting that in her deposition, Plaintiff's F&I manager Vanessa Hunsaker stated that not asking for TINS "wasn't about not obtaining [a] sale, because there are no commissions paid on a cash deal. . . . It was about not tipping the customer off that [filing the Form 8300 with the IRS] was going to be happening after they left the dealership." Prask Decl. Ex. E (Deposition of Vanessa Hunsaker) at 27:21–28:14. A trier of fact could view this evidence and

conclude that Plaintiff had a financial motive to omit TINS from the forms; however, a trier of fact could also reasonably conclude that Plaintiff had no financial motive. A genuine dispute of material fact therefore exists as to this factor.

In addition to the regulatory factors, Plaintiff claims it took remedial measures after the 2006/2007 audits that show it intended to comply with the law. As noted above, Plaintiff claims it "instituted a training and quality control system for its employees on the Form 8300 compliance." *Id.* (citing Miller Depo. at 19:6–7). Plaintiff also "create[ed] an internal log so that 'if for whatever reason a finance manager didn't fill it out, didn't think it applied, forgot, it would get caught by accounting,'" *id.* (citing Miller Depo at 18:10–15), as well as a "binder to keep track of its Forms 8300 and notices sent to consumers." *Id.* (citing Miller Depo. at 18:16–19).

Defendant refutes Plaintiff's claims, arguing that Plaintiff did "nothing meaningful to achieve 100 percent compliance on a regular basis." MSJ at 24. According to Defendant, after the 2006/2007 audits, Plaintiff "did not provide its F&I managers with training, did not pay them extra for filling out the Forms 8300 and sending customer information statements, did not adopt any system of internal controls, and did not hold them accountable for their mistakes." Reply at 8. This nonaction "allow[ed] a pattern of noncompliance to continue to grow." *Id.* at 8.

The Court cannot resolve this factual dispute on summary judgment. Further, "it is not clear" that Plaintiff's corrective measures—whatever they were and however effective—"were the result of intentional disregard of the law." *See Purser Truck Sales*, 710 F. Supp. 2d at 1344. "A trier of fact could find that these efforts, ineffective though they were, indicated an intent to comply with the law, not an intent to disregard it." *Id.*; *see also Tysinger Motor Co.*, 428 F. Supp. 2d at 486 (noting that with regard to compliance efforts, "[s]loppiness is not the same as willfulness").

After reviewing the evidence and applying the regulatory factors to the facts and circumstances of this case, the Court concludes that a trier of fact could find that Plaintiff met its burden to show it did not intentionally disregard its section 6050I filing

requirements. This conclusion is supported by other courts that have faced similar factual circumstances. For example, in *Tysinger Motor Co.*, the district court sitting as trier of fact in a bench trial held the plaintiff taxpayer had met its burden in showing intentional disregard penalties were inappropriate. 428 F. Supp. 2d 480. The court found persuasive evidence similar to that which Plaintiff presented in this case, including the tax payer's "efforts to set up a system that would identify reportable transactions," "the fact that [the tax payer] filed a Form 8300 for half the reportable transactions," and the fact that the "IRS . . . produced no evidence from which the Court could even infer that [the tax payer's CFO] intentionally designed a flawed compliance system." *Id.* at 485.

Similarly, in *Purser Truck Sales*, the court determined that genuine issues of material fact precluded summary judgment on the issue of whether the IRS was authorized to impose intentional disregard penalties for the plaintiff's failure to file Forms 8300. 710 F. Supp. 2d at 1342. There, after an audit uncovered a failure to comply with section 6050I's filing requirements, the plaintiff taxpayer attempted to comply with the requirements by setting up an excel spreadsheet to track sales. *Id.* at 1342. The court found that, although the government produced evidence that the plaintiff's failure to file any Forms 8300 over a two-year period after the initial audit could "be construed as a pattern of conduct that reveal[ed] intentional disregard of filing requirements," there was "substantial evidence that [the plaintiff]'s failures were not due to intentional disregard but were simply mistakes resulting from unsophisticated office procedures" and, thus, summary judgment was not warranted. *Id.* at 1342–43. The same can be said here, as there is ample evidence presented in this case, including far more robust compliance efforts, from which a trier of fact could conclude Plaintiff's failures were not due to intentional disregard.

In sum, Plaintiff has brought forth evidence sufficient to create a genuine dispute of material fact as to whether it intentionally disregarded its filing requirements. Thus, Defendant is not entitled to summary judgment as to Plaintiff's claims under section 6721.

///

///

## II. Reasonable Cause

Defendant argues that Plaintiff cannot avoid penalties under 26 U.S.C. § 6724(a) because Plaintiff failed to raise its claim of reasonable cause in its administrative refund claim.

Under 26 U.S.C. § 6724, "[n]o penalty shall be imposed . . . with respect to any failure if it is shown that such failure is due to reasonable cause and not to willful neglect." To fall under this mandatory waiver provision, the taxpayer must prove: "(1) that significant mitigating factors excuse the failure to file; or (2) the failure to file arose from events beyond the taxpayer's control." *Tysinger Motor Co.*, 428 F. Supp. 2d at 486 (citing 26 C.F.R. § 301.6724-1(a)(2)). "The taxpayer must also prove that he acted in a 'responsible manner' both before and after the failure occurred." *Id.* Acting in a responsible manner means:

> (i) That the filer exercised reasonable care, which is that standard of care that a reasonably prudent person would use under the circumstances in the course of its business in determining its filing obligations . . . and
>
> (ii) That the filer undertook significant steps to avoid or mitigate the failure.

26 C.F.R. § 301.6724-1(d).

Before filing a claim in a refund suit, taxpayers must first file an administrative refund claim. 26 U.S.C. § 7422(a). The administrative refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis." 26 C.F.R. § 301.6402-2(b)(1). Compliance with the specificity requirements of section 301.6402-2(b)(1) is a prerequisite to subject matter jurisdiction over a claim for a refund. *New Gaming Sys., Inc. v. United States*, No. 2:11-CV-00627-MCE-AC, 2013 WL 5798998, at *10 (E.D. Cal. Oct. 28, 2013) (citing *Quarty v. United States,* 170 F.3d 961, 972–73 (9th Cir. 1999); *Bear Valley Mut. Water Co. v. Riddell,* 493 F.2d 948, 950–51 (9th Cir. 1974)). To meet these specifications, neither a "detailed explanation" of the legal theories nor a "full factual background" is required in

the tax payer's refund claim; rather, "the claim on its face" must apprise the IRS of points to which it must examine and direct its attention. *Boyd v. United States*, 762 F.2d 1369, 1371–72 (9th Cir. 1985). "If the claim on its face does not call for investigation of a question, the taxpayer may not later raise that question in a refund suit." *Id.* at 1372.

Here, Defendant argues that Plaintiff may not seek relief based on reasonable cause under 26 U.S.C. § 6724 because it "did not seek such relief in its administrative refund claim." Reply at 4. The Court must agree. The first time Plaintiff raised its claim for reasonable cause was in its Opposition. *See generally* Opp'n. Plaintiff's refund claim and Complaint mention only section 6721, not section 6724. *See generally* Compl. & Ex. 3. Importantly, the refund claim fails to mention any facts to support an inference that there occurred "significant mitigating factors" that must "excuse the failure to file" or that "the failure to file arose from events beyond [Plaintiff]'s control." *See Tysinger Motor Co.*, 428 F. Supp. 2d at 486. The claim also fails to raise any facts that Plaintiff's employees "acted in a responsible manner" before and after the alleged failure. The Court thus concludes that Plaintiff's refund claim failed to present "facts sufficient to enable the Commissioner of Internal Revenue to make an intelligent administrative review of the claim," *see Lemoge v. United States*, 378 F. Supp. 228, 232 (N.D. Cal. 1974), and, therefore, Plaintiff may not raise a claim for reasonable cause under section 6724 at this late stage.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Summary Judgment (ECF No. 19). Specifically, the Court **GRANTS** Defendant's Motion as it concerns the mandatory waiver of penalties under 26 U.S.C. § 6724 and **DENIES** Defendant's Motion with regards to the penalties assessed under 26 U.S.C. § 6721. The Parties **SHALL CONFER** and **SHALL FILE** a proposed

///

///

///

///

13

18-CV-314 JLS (AGS)

schedule of pretrial dates and deadlines within fourteen (14) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: September 4, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge